UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAVEL ROMBAKH,<br><br>                    Petitioner,<br><br>          v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. C15-0622JLR<br><br>ORDER DENYING PETITION<br>FOR WRIT OF HABEAS<br>CORPUS |

## I.       INTRODUCTION

Before the court is Petitioner Pavel Rombakh's 28 U.S.C. § 2255 petition for writ of habeas corpus to vacate, set aside, or correct his sentence.  (Petition (Dkt. # 1).)  The court has reviewed the petition, all submissions filed in support of or opposition thereto, the trial record, and the applicable law.  Being fully advised, the court DENIES Mr. Rombakh's petition.

//

ORDER- 1

## II.     BACKGROUND

On May 8, 2014, the government filed a felony information charging Mr. Rombakh with maintaining an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960.  (*United States v. Rombakh*, No. CR14-0137JLR, Dkt. # 1.)  On May 13, 2014, Mr. Rombakh pleaded guilty.  (*Id.* Dkt. # 7.)  Under the plea agreement, Mr. Rombakh admitted that he had conducted an unlicensed money transmitting business from 2007 to 2012.  (Plea Agreement (Dkt. # 4-1) ¶ 9(a).)  He acknowledged receiving at least $150,000,000.00 in international wires in the United States and re-transmitting most of those funds internationally, while keeping a portion of the funds for himself as a fee for his services.  (*Id.*)

Under the plea agreement, the parties agreed that the applicable sentencing guideline for the offense was United States Sentencing Guideline ("Sentencing Guidelines" or "USSG") § 2S1.3.  (*See* Plea Agreement ¶ 8.)  In addition, the parties agreed that the base offense level was six and that there was a 26-point increase because the value of the funds exceeded $100,000,000.00, but was less than $200,000,000.00.  (*See id.*)  The parties also agreed that no other Sentencing Guidelines adjustments applied other than for acceptance of responsibility.  (*Id.*)

Implicit in the parties' agreement that no other Sentencing Guidelines adjustments applied is their agreement that USSG §§ 2S1.3(b)(1) and 2S1.3(b)(3) do not apply.  (*See* Plea Agreement ¶ 8.)  Section 2S1.3(b)(1) provides for an enhancement if the defendant "knew or believed" that the "funds were proceeds of unlawful activity, or were intended to promote unlawful activity" ("the deliberate knowledge enhancement").  USSG

§ 2S1.3(b)(1).  Section 2S1.3(b)(3) provides for a substantial reduction if (1) the defendant did not act with reckless disregard regarding the source of the funds and (2) the funds were the proceeds of lawful activity ("the clean funds reduction").  USSG § 2S1.3(b)(1).  At the sentencing hearing, Mr. Rombakh's counsel argued that the government had unfairly argued in its Sentencing Memorandum (*United States v. Rombakh*, No. CR14-0137JLR, Dkt. # 15) and at the sentencing hearing about the illegal nature of the source of the funds.  (Sentencing Tr. (Dkt. # 4-5) at 9, 12-23.)

In his current petition, Mr. Rombakh's grounds for habeas relief are as follows:

I was denied effective assistance of counsel at sentencing, in violation of the U.S. Constitution, amend 6.

*************

My attorneys failed to object when the government violated the plea agreement and failed adequately to investigate, present evidence, or even explain to the Court the nature and circumstances of my business, leaving the impression that I was extensively involved in international money laundering, which is not accurate.  I urged my attorneys to provide an expert opinion regarding the nature of Russian businesses and finance, and to provide the Court my brother's letter regarding the precautions he took to assure that we dealt with legitimate businesses and not criminal proceeds. My attorneys did not obtain that evidence, which I now submit to the Court. They failed to explain anything about the nature and circumstances of my business, even after the Court repeatedly asked them to.  As a result, the Court was left to believe I engaged in money laundering, although the Government did not charge, and stipulated in the plea agreement it was unable to prove, [sic] any such crime.  In fact, I made every effort to engage in honest transactions with legitimate funds.

My attorneys also failed to give specific detailed information regarding my family ties and responsibilities, which could have provided a ground for departure.

I believe the Court would have imposed a lower sentence had it been fully informed of the nature and circumstances of my business and the specific family ties and responsibilities I have.

1   (Petition at 5.)

2          Along with his petition, Mr. Rombakh submitted a memorandum in support of his

3   petition (*see* Mem. in Support (Dkt. # 1-1)) and several declarations concerning the

4   nature of the wire transfers and underlying business transactions, Russia's general

5   banking practices, and whether Mr. Rombakh's attorney was ineffective and Mr.

6   Rombakh suffered prejudice as a result (*see generally* Dkt. # 1-2).  The court issued an

7   order directing service of Mr. Rombakh's petition upon the government.  (Order (Dkt. #

8   3).)  The government filed a response to Mr. Rombakh's petition and memorandum.

9   (Resp. (Dkt. # 4).)  The parties then filed further reply memoranda.  (Pet. Reply (Dkt.

10  # 8); Gov't Reply (Dkt. # 9).)  The court now considers Mr. Rombakh's petition.

11                    **III.    ANALYSIS**

12  **A.  Ineffective Assistance of Counsel Standard**

13         Mr. Rombakh's claims for ineffective assistance of counsel are controlled by

14  *Strickland v. Washington*, 466 U.S. 668 (1984).  To show ineffective assistance of

15  counsel under *Strickland*, a defendant must prove that (1) "counsel's representation fell

16  below an objective standard of reasonableness," and (2) there "is a reasonable probability

17  that, but for counsel's unprofessional errors, the result of the proceeding would have been

18  different." *Id.* at 688, 694.  With respect to the first prong, the defendant must show that

19  "in light of all the circumstances, the identified acts or omissions were outside the wide

20  range of professionally competent assistance." *Id.* at 690.  At this step, judicial scrutiny

21  is highly deferential:  there is a strong presumption that counsel's performance fell within

22  the wide range of reasonably effective assistance. *Id* at 689.  With respect to the second

prong, where, as here, the challenge concerns the sentencing phase, the defendant must show counsel's performance caused the court to make some sort of error at sentencing, and that there is a reasonable probability that, but for this error, the court would have imposed a lesser sentence. *See Glover v. United States*, 531 U.S. 198, 203-04 (2001). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**B.  The Government Did Not Breach the Plea Agreement**

Mr. Rombakh argues that his counsel should have claimed at sentencing that the government breached the plea agreement by arguing that Mr. Rombakh engaged in money laundering. (Mem. in Support at 24-29.) In essence, Mr. Rombakh argues that (1) the government agreed in the plea agreement not to argue that the money at issue was the proceeds of illegal activity, (2) the government nevertheless so argued at the sentencing hearing, (3) Mr. Rombakh's counsel failed to object, and (4) Mr. Rombakh was prejudiced as a result. (*See generally id.*)

Mr. Rombakh's argument fails because his first point is incorrect. The government's concession that the deliberate knowledge enhancement was inapplicable is not tantamount to a concession that the funds were not derived from illegal activity. Mr. Rombakh misapprehends the scope of the deliberate knowledge enhancement. The enhancement simply provides that an increase in sentencing range is warranted if "the defendant knew or believed that the funds were proceeds of unlawful activity." USSG § 2S1.3(b)(1). By agreeing that this enhancement was inapplicable, the government was not precluded from arguing that the funds were in fact "dirty" and that Mr. Rombakh

1   acted in reckless disregard of that fact.  Rather, the government was only precluded from

2   arguing that Mr. Rombakh "knew" or "believed" that the funds were "dirty."  Indeed, it is

3   not surprising that the government raised the issue concerning the nature of the funds at

4   sentencing because Mr. Rombakh stipulated that he lacked sufficient evidence to

5   establish (1) that the funds were not derived from illegal activity and (2) that he acted

6   without reckless disregard of that fact.  In any event, the court expressly stated that it was

7   not finding that Mr. Rombakh knew that the funds were the proceeds of illegal activity.

8   (Sentencing Tr. at 22.)  In sum, Mr. Rombakh's petition rests on a misreading of the

9   deliberate knowledge enhancement and for this reason fails.

10   **C.  Mr. Rombakh's Counsel Raised the Objection Presented by the Petition**

11   Mr. Rombakh argues that his counsel was ineffective for failing to object to the

12   government's argument at the sentencing hearing.  (Mem. in Support at 29-30.)

13   However, Mr. Rombakh's counsel did object that Mr. Rombakh was getting "back-

14   doored" by the government's argument and explained his theory in detail to the court.

15   (Sentencing Tr. at 9, 12-23.)  Not only did Mr. Rombakh's counsel object on virtually the

16   same basis as Mr. Rombakh in his § 2255 petition, but the court rejected Mr. Rombakh's

17   argument at sentencing, demonstrating that Mr. Rombakh did not suffer any prejudice.

18   (*Id.* at 17, 22.)  Thus, Mr. Rombakh's claim that the government breached the plea

19   agreement and Mr. Rombakh's counsel failed to object is without merit.

20   //

21   //

22   //

ORDER- 6

**D. Mr. Rombakh's Counsel Did Not Act Unreasonably in Not Offering the Evidence Included in Mr. Rombakh's Petition**

Mr. Rombakh argues that his counsel was ineffective for failing to do more to demonstrate that the funds at issue were "clean" and to explain Russian banking laws and practices that are in place to avoid money laundering. (Mem. in Support at 31-37.) Mr. Rombakh's claim fails for several reasons. First, he was limited by his plea agreement, which contained his concession that he lacked sufficient proof to establish the clean funds reduction under the Sentencing Guidelines. In any event, Mr. Rombakh cannot establish any prejudice as a result of his counsel's alleged deficiencies here. Indeed, the court specifically declined to find that Mr. Rombakh knew that he was handling illegal funds. (Sentencing Tr. at 22 ("I am not finding the Mr. Rombakh knew they were illegal funds. That's nowhere in any of the documents that are before it.").)

The court also agrees with the government that the declarations submitted by Mr. Rombakh would have raised more questions than they answered, and it was reasonable for Mr. Rombakh's counsel to decide not to offer them. In any event, nothing in any of the declarations offered by Mr. Rombakh would have altered the court's view of sentencing or the outcome of Mr. Rombakh's sentencing hearing.

Finally, Mr. Rombakh asserts that the court sentenced him for "money laundering"—in effect punishing him for a crime "that was never charged in violation of [due process]." (Lobsenz Decl. (Dkt. # 1-2 at 42-69) ¶¶ 38-39; *see also* Mem. in Support at 42.) In the passage of the sentencing hearing cited by Mr. Rombakh, however, the court merely found that some of the deterrence goals related to money laundering were

present in the case.  The court sentenced Mr. Rombakh not for "money laundering," but

for the crime to which he pleaded guilty—conducting an unlicensed money transmitting

business in violation of 18 U.S.C. § 1960(a) and § 1960(b)(1)(A).  (*See* Sentencing Tr. at

13 (MR. McCALLUM:  ". . . [I]f you simply fail to license with DFI in Washington

State, you are guilty of 1960(a) and (b)(1)(A), which is the language that is throughout

the plea agreement.  That's what we pled to."  THE COURT:  "I understand that. . . .").)

Thus, Mr. Rombakh's claim fails.

### E.  Mr. Rombakh's Counsel Did Not Act Unreasonably Regarding the Burden of Proof

Mr. Rombakh asserts that his counsel erred in failing to point out to the court that

Mr. Rombakh bore the burden of proof in establishing that the "clean" funds reduction

applied.  (Mem. in Support at 37-39.)  First, Mr. Rombakh's counsel correctly referenced

the burden of proof in his sentencing memorandum.  (*See* Def. Sent. Mem. (Dkt. # 4-4) at

6 ("At most, we would read the parties' stipulation in this regard to mean that the

defendant cannot prove the elements of USSG § 2S1.3(b)(3) . . . .").)  Second, the court

was under no misapprehension concerning the burden proof.  (*See, e.g.*, Sentencing Tr. at

16 ("THE COURT:  Do you understand the government's position is, which [is] it would

have been to Mr. Rombakh's advantage if you had pled to (c), if you thought you could

sustain the burden.  That's the only importance that I give to the government's

argument.").)  In sum, Mr. Rombakh's counsel did not act unreasonably, and Mr.

Rombakh was not prejudiced by his counsel's actions here.

//

ORDER- 8

**F.  Mr. Rombakh's Family Ties and Responsibilities**

In his petition, Mr. Rombakh states that his counsel "failed to give specific detailed information regarding my family ties and responsibilities, which could have provided a ground for departure.  (Petition at 5.)  Mr. Rombakh, however, never develops this argument or explains how this information likely would have resulted in a different outcome at his sentencing hearing.  (*See generally* Mem. in Support.)  As a result, Mr. Rombakh has failed to sustain his burden under *Stickland* with respect to this claim, and the court rejects it.  *See Strickland*, 466 U.S. at 694.

**G. An Evidentiary Hearing is Not Warranted**

For the above stated reasons, the court denies Mr. Rombakh's petition.  The court determines that an evidentiary hearing on this matter is unnecessary.  The court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); see *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).  However, "[n]o hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal quotation marks omitted).  In the instant matter, the record is clear and consistent throughout and is a sufficient basis on which to judge Mr. Rombakh's allegations of ineffective counsel. Indeed, Mr. Rombakh has availed himself of the opportunity to file memoranda and several declarations in support of his petition, which the court has thoroughly reviewed.

1   Accordingly, the court chooses to exercise its discretion not to hold an evidentiary

2   hearing.  *See id.*

3   **H. Certificate of Appealability**

4           Finally, the court declines to issue a certificate of appealability.  A habeas

5   petitioner can appeal the denial of a 28 U.S.C. § 2255 petition only after obtaining a

6   "certificate of appealability."  28 U.S.C. § 2253(c); *see generally United States v. Asrar*,

7   116 F.3d 1268, 1269-70 (9th Cir. 1997).  Rule 11 of the Rules Governing § 2255

8   Proceedings for the United States District Courts states that "the district court must issue

9   or deny a certificate of appealability when it enters a final order adverse to the applicant."

10  *See* Fed. R.. § 2255 Proc. 11.  A court may issue a certificate of appealability "only if the

11  applicant has made a substantial showing of the denial of a constitutional right."  28

12  U.S.C. § 2253(c)(2).  That is, a petitioner must show that "reasonable jurists could debate

13  whether . . . the petition should have been resolved in a different manner or that the issues

14  presented were adequate to deserve encouragement to proceed further."  *Slack v.*

15  *McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted); *see Hanson v. Mahoney*, 433

16  F.3d 1107, 1112 (9th Cir. 2006).

17          Here, Mr. Rombakh has not made a substantial showing of the denial of a

18  constitutional right.  The court is not persuaded that reasonable jurists could debate

19  whether the petition should have been resolved differently or that the issues presented are

20  adequate to deserve encouragement to proceed further.  The court therefore DECLINES

21  to issue a certificate of appealability.

22  //

1

## IV.    CONCLUSION

2          Based on the foregoing, the court DENIES Mr. Rombakh's 28 U.S.C. § 2255

3    habeas corpus petition (Dkt. # 1).  The court also DECLINES to issue a certificate of

4    appealability.

5          Dated this 21st day of July, 2015.

6

7

8                                              _____

                                               JAMES L. ROBART
9                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 11